John McGuire et al., Appellants, v. William T. Stim-
bert et al., Appellees.

Filed July 2, 1935. No. 29210.

*Stiner & Boslaugh,* for appellants.

*C. L. Stewart, contra.*

Heard before Goss, C. J., Good, Eberly, Paine and
Carter, JJ., and Redick, District Judge.

Paine, J.

This is a creditors' bill in aid of execution to set aside
a conveyance of real estate. There was a partial judgment
for plaintiffs, and from this the plaintiffs appealed.

The three plaintiffs are trustees for the depositors of the
insolvent Farmers State Bank of Inland, Nebraska, having
been duly elected as such trustees on May 5, 1932. Such
plaintiffs secured a judgment on November 28, 1932,
against William T. Stimbert in the sum of $2,013 for
money loaned said Stimbert by the bank. An execution
issued thereon was returned unsatisfied.

At the time said indebtedness was contracted to the
bank, the said defendant, William T. Stimbert, owned cer-
tain real estate, and on November 17, 1932, while said
action was pending against him for the money he owed
the bank, and eleven days before the judgment was ob-
tained, he and his wife gave a quitclaim deed for this land

to his father, David Stimbert, one of the defendants herein, for the avowed purpose of paying numerous debts which he owed his father. Plaintiffs insist that said deed was executed wholly without consideration, and with the intention of all the parties thereto to hinder, delay and defraud his other creditors, especially the plaintiffs. It is further alleged that the said William T. Stimbert is insolvent and the plaintiffs are without adequate remedy at law.

In the amended answer the defendants deny the allegations of the petition, except that said quitclaim deed was executed and delivered, and further allege that on March 1, 1929, the father deeded the same 120 acres of land to his son, William T. Stimbert, by warranty deed, expressly reserving therein that the grantee should pay the sum of $112.50 to the grantor on October 1 and the same amount on April 1 of each year during the natural lifetime of the father and mother. In said amended answer there is set out certain debts for pasture rent, corn and wheat purchased, and various other transactions, including the charge upon the real estate, all of said items making the total of $5,532.79 alleged to be due to the father from the son, and the payment of which indebtedness constituted the consideration for the quitclaim deed from the son to his father.

In the decree entered by the trial court it provided that the quitclaim deed should be set aside; that a homestead right of William T. Stimbert and his wife existed in the premises; that said premises should be sold, subject to payments due under the provisions set out in the warranty deed dated March 1, 1929, which amounted with interest to $739.80, and subject to the above homestead rights; and that from the proceeds of said sale cash rent due for pasture of an adjoining 40 acres should be deducted, in the amount of $507.14, which was unpaid; and the trial court rejected all of the other items claimed in the amended petition.

Complaint is made of the allowance of even these two remaining items. This court finds that the allowance of

$507.14 for rent of the pasture upon the northwest quarter of the southwest quarter of section 16 was not supported by sufficient evidence; therefore, said item is rejected by this court.

Evidence is to the effect that, when the note of William T. Stimbert was last renewed, the cashier of the bank relied upon his property statement, which failed to show any indebtedness whatever in favor of his father, but the defense made to this is that he signed the property statement in blank, and that the banker filled it in, which claim does not appeal to this court.

It is argued by the plaintiffs that the item of $739.80 was also erroneously decreed to be a lien upon the land, yet we find it specifically set out in the warranty deed dated March 1, 1929, as follows: "It being expressly understood and mutually agreed by and between the grantors and grantee herein as a further consideration for the execution and delivery of this deed of conveyance, that the said grantee is to pay to the said grantors herein the sum of $112.50 on Oct. 1 and $112.50 on the 1st of April of each year during the natural lifetime of either the said David Stimbert or of the said Marie Stimbert."

The evidence also discloses that at the same time the father conveyed other land to other children, reserving cash payments in the deeds similar to the one in this deed, which warranty deed, dated March 1, 1929, was drawn by the cashier of the bank, and said reservations inserted by him in the deed, so that the officers of the bank could not be heard to deny that such charges were made against the land at the time it was deeded by the father to the son, to say nothing of the notice given to the whole world when the deed was placed on record.

"In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the duty of the courts of justice to carry into effect the true intent of the parties, so far as such intent can be collected, from the whole instrument, and so far as such intent is

consistent with the rules of law." Comp. St. 1929, sec. 76-109, which provision enjoins upon courts the duty of carrying into effect the intent of the parties in construing any instrument affecting the rights of the parties. In the determination of the interests of parties, equity looks through the form and regards the substance of the transaction.

In the opinion of this court, the trial court was right in rejecting all of the various claims for a preference due to the father from the son, save and excepting only the payments reserved in the original deed, and all of the other claims, amounting to some $5,532.79, were attempts to illegally prefer the father to other creditors. The decree of the trial court is hereby affirmed, save and except as to the item of $507.14, which is stricken out, and as thus modified the decree will stand.

AFFIRMED AS MODIFIED.